**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| NXTNANO, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 22-cv-00284-TCK-SH |
| HAROLD A. WONG, and INNOVA | ) |
| GLOBAL MANAGEMENT LP | ) |
| (CANADA), | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the Court is Defendant Harold A. Wong's motion to dismiss for lack of personal jurisdiction and failure to state a claim (ECF No. 9), which was referred to the undersigned for a report and recommendation (ECF No. 23).

Prior to ruling on the merits of a case, a court must first satisfy itself that it has subject-matter jurisdiction to hear the dispute. *See In re Aramark Leisure Servs.*, 523 F.3d 1169, 1173 (10th Cir. 2008). In this case, Plaintiff NXTNano, LLC, asserts diversity jurisdiction under 28 U.S.C. § 1332(a)(2). (ECF No. 2 ¶ 6.) The Complaint, however, merely alleges that NXTNano is a limited liability company organized under the laws of the State of Oklahoma with its principal place of business in Oklahoma (*id*. ¶ 1)—information that is irrelevant to a determination of NXTNano's citizenship. As an LLC, NXTNano is a citizen of every State (or foreign country) in which its citizens are members. *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015). NXTNano has disclosed that at least one of its members is McDowell Investments, LP, a publicly held limited partnership. (ECF No. 10.) Like LLCs, an LP is a citizen of every State or foreign country where any of its partners (general or limited) are members.

*See Carden v. Arkoma Assocs.*, 494 U.S. 185, 192, 195-96 (1990). To know the citizenship of NXTNano, therefore, the Court must know the citizenship of McDowell Investments and any other members of NXTNano. Similarly, if those members are also unincorporated associations, the Court must know the citizenship of their members, and so on.

A complete understanding of NXTNano's membership makeup is critical, because if NXTNano's citizenship includes any foreign state, the Court may lack subject-matter jurisdiction. "Under the complete diversity requirement of alienage jurisdiction, diversity jurisdiction does not encompass suits by foreign plaintiffs against foreign defendants. This exclusion extends to cases involving an alien on one side and an alien plus a U.S. citizen on the other." 15A Moore's Federal Practice - Civil ¶ 102.77. The exclusion also entails instances where a party has multi-state citizenship that includes a foreign country. *See Caron v. NCL (Bahamas), Ltd.*, 910 F.3d 1359, 1364-65 (11th Cir. 2018) (no diversity jurisdiction where plaintiff is Canadian citizen and defendant is Bermuda company with its principal place of business in Florida); *see also Gen. Tech. Applications, Inc. v. Exro Ltda,* 388 F.3d 114, 120-22 (4th Cir. 2004) (no diversity jurisdiction where plaintiff is Columbian citizen and one defendant is citizen of Columbia and Virginia); *Les Pecheries Norref Quebec Inc. v. Sea Delight Grp., LLC*, No. 21-CV-62102, 2022 WL 673764, at *2-4 (S.D. Fla. Feb. 16, 2022) (no diversity jurisdiction where plaintiff is Canadian citizen and a defendant entity's members were citizens of Florida and Spain), *R&R adopted*, 2022 WL 673739 (Mar. 7, 2022); *Corporativo Ohtli, S.A. de C.V. v. Cordova,* No. 2:18-CV-0049 CW, 2018 WL 1468586, at *2 (D. Utah Mar. 23, 2018) (no diversity jurisdiction where plaintiff is citizen of Mexico and defendant is citizen of Mexico and Ohio).

The relevant <u>timing</u> for this inquiry is the citizenship of NXTNano's members at the time the litigation was filed on July 1, 2022.  *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570-71 (2004) (noting that the Court determines diversity jurisdiction based on "the state of things" at the time the action was brought).

As the Complaint failed to state a sufficient factual basis for its assertion of diversity jurisdiction, and as NXTNano's disclosure statement raises concerns that such jurisdiction may be lacking, the Court will require NXTNano to provide evidence of its full citizenship as of July 1, 2022, as well as any briefing it wishes to provide on this Court's subject-matter jurisdiction.  Defendant Wong will be given an opportunity to respond.

IT IS THEREFORE ORDERED that, by July 24, 2023, Plaintiff NXTNano, LLC, shall submit evidence of its citizenship on July 1, 2022, the date it filed this lawsuit. Plaintiff may also file an accompanying brief supporting subject-matter jurisdiction. Defendant may file a response brief on jurisdiction by July 31, 2023.

ORDERED this 10th day of July, 2023.

SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT